**GIVENS v. MOLL et al.**

No. 12520.

United States Court of Appeals
Fifth Circuit.

Nov. 15, 1949.

Rehearing Denied Jan. 12, 1950.

J. Terry Reynolds, Jr., Mobile, Ala., Henry C. Vosbein, New Orleans, La., for appellant.

Hugh M. Caffey, Leon G. Brooks, Brewton, Ala., for appellees.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from a judgment dismissing his suit for want of jurisdiction, appellant, a citizen of Florida, is here insisting that his complaint showed both the requisite diversity of citizenship and the existence of a federal question, and the judgment must be reversed.

We cannot at all agree. Nowhere in the course of the lengthy complaint is the requisite diversity claimed or even suggested.[1] On the contrary, the complaint, in naming as a "real respondent" W. E. Duggan, a co-citizen with plaintiff of Florida, on its face deprives the suit of the requisite diversity. In addition, it names as nominal parties defendant[2] but in fact real parties plaintiff, his brothers and sisters, co-heirs with him and co-claimants in the cause of action, all of whom are co-citizens of Alabama with Caffey et al., named by plaintiff as the real defendants.

When it comes to the federal question ground of jurisdiction, that the suit arises under the Constitution and laws of the United States, while it is clear that plaintiff's reliance for jurisdiction is on that ground, it is equally clear that the complaint signally fails to present such a ground. The only reference in the long complaint, with its mass of attached exhibits, to either the Federal Constitution or the statutes is the reference in para-

---

1. Cf. 35 C.J.S., Federal Courts, § 77, p. 905; Chase Nat. Bank v. Citizens Gas Co., 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Dawson v. Columbia Ave. Savings Fund, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713.

2. The complaint, after naming as respondents heirs and co-heirs with complainant of his deceased father, James Givens, proceeds: "The foregoing named respondents are so made in this cause in order to avoid delay in the bringing of this action by appearing as complainants, who, upon motion made by them to be joined as co-complainants in this cause, your complainant would embrace as conducive to complete equity."

graph 1, on page 3 of the transcript: "* * * depriving your complainant of his lawful inheritance without due process of law and in violation of the Fourteenth Amendment of the Constitution of the United States, to-wit: 'Nor shall any State deprive any person of life, liberty or property, without due process of law; not deny any person within its jurisdiction the equal protection of the Laws.'"

Assuming, without deciding, that this generalization, if supported by pleaded facts, would be a sufficient claim of federal jurisdiction on the ground of a federal question, we find no allegation of fact whatever which shows or tends to show the existence of a federal question in this cause.

Stripped of the involvements, the intricacies, the particularities, the redundancies with which the complaint abounds, what it comes down at last to is a claim: that Caffey, as solicitor and advisor of the Givens Estate, aided and abetted by other defendants named and unnamed, by and with the aid of court proceedings and court judgments in Alabama,[3] conceived, engineered, and carried out a scheme to defraud the James Alexander Givens Estate and plaintiff and his co-heirs, the owners thereof, and that as a result of the taking and foreclosure of mortgages and other acts and proceedings in and out of court, the defendants have wronged plaintiff and his co-heirs.

The prayer is for an accounting and for an injunction against waste, for restoration of the title to the estate of Givens, for the setting aside of the judgment of foreclosure and that a special administrator be appointed to bring about a division in kind among the rightful heirs of James Givens.

Here claiming: that Duggan is neither an indispensable nor a necessary party and instead of dismissing the complaint for his joinder, he should be dismissed from it; and keeping silent altogether about his co-heirs and co-claimants, co-citizens with the Alabama defendants, the appellant puts his main reliance on his contention that the suit involves a federal question under the 14th Amendment, and that by state action violating the due process clause, he has been deprived of his rights. In support of this contention, he urges upon us: (1) that his complaint is a charge that the defendants by obtaining judgments in the state court have thus used state power to deprive him and his co-claimants of property without due process of law; and (2) that it is a charge that some of the defendants are lawyers and, therefore, officers of the state courts, and as such they must be regarded as officers and instrumentalities of the state and their actions in deprivation of plaintiff's property as state action.

That there is no merit whatever in either of these contentions, the most casual examination of the authorities and a consideration of the fantastic results which would follow maintaining them, will at once make clear. If appellant were right, every case brought to judgment in a state court could be made the basis of a suit in the federal court upon the ground of a federal question by the mere allegation that the state court judgment was obtained in violation of due process. That this is not, it cannot be, the law, is as clear upon principle as it is upon authority. It is well settled that federal courts are not competent or authorized to entertain original suits to review state court action on the ground that a state court's judgment is erroneous. It is particularly well settled that the claim that a state court's judgment is erroneous raises no federal question on which the jurisdiction of federal courts can be based.[4]

Its second point, that the acts of a lawyer are the acts of a state so that suits against him for wrongs it is claimed that he has done present federal questions

---

3. Wiggins Est. Co. v. Jeffrey, 246 Ala. 183, 19 So.2d 769.

4. 35 C.J.S., 836, Federal Courts, § 28; Central Land Co. v. Laidley, 159 U.S. 103, 16 S.Ct. 80, 40 L.Ed. 91; Tracy v. Ginzberg, 205 U.S. 170, 27 S.Ct. 461, 51 L.Ed. 755; Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. 268.

giving rise to federal jurisdiction is, if anything, more fantastic. The judgment dismissing the complaint was right. It is

Affirmed.