## LLANO DEL RIO CO. OF NEVADA v. ANDERSON–POST HARDWOOD LUMBER CO., Inc. et al.

### No. 13174.

United States Court of Appeals
Fifth Circuit.

Feb. 20, 1951.

Gerald Weatherly, Corpus Christi, Tex., for appellant.

George T. Owen, Jr., Baton Rouge, La., A. B. Cavanaugh, A. L. Plauché and S. W. Plauché, Jr., all of Lake Charles, La., Stuart S. Kay, DeRidder, La., R. A. Fraser, Many, La., L. E. Colvin, Mansfield, La., Jack L. Simms, Leesville, La., for appellees.

Before HUTCHESON, Chief Judge. and McCORD and BORAH, Circuit Judges.

PER CURIAM.

Its complaint dismissed on motion, for the reasons assigned by the district judge in his elaborate opinion,[1] plaintiff is here seeking a reversal of the judgment.[2]

The defendants, insisting that the district judge was right, for the reasons that he gave, in dismissing the complaint, press upon us that the dismissal should have been also for the other reasons urged by them.

In no doubt that the dismissal was rightly ordered upon the ground given and the authorities cited,[3] we here note our agreement and, without approving or disapproving what is said by the judge on any of the other grounds put forward, or ourselves considering or determining any of them, we affirm the judgment appealed from.

Affirmed.

1. Llano Del Rio Co. v. Anderson-Post Hardwood Lumber Co., D.C., 79 F.Supp. 382.

2. This is how appellant in its brief states the nature and substance of its case and the grounds of jurisdiction:

"This is principally an equity suit, brought by appellant under the express provision for a 'suit in equity' in the Federal Civil Rights laws, 8 U.S.C.A. §§ 43 and 47, to set aside as fraudulent and unconscionable certain state receivership sales of land and personalty, for accounting, and for damages. The complaint clearly and logically states the facts, and they can best be read there. Record 2–52; Summarized, R. 397–410; 79 F.Supp. 384–389.

"Jurisdiction exists by express provisions of the Federal Civil Rights Act (8 U.S.C.A. §§ 43 and 47; 28 U.S.C.A. § 1343) as well as by reason of diverse citizenship, plaintiff being a Nevada Corporation and defendants all being citizens of Louisiana." (R. 2–3).

3. To which may be added Williams v. Tooke, 5 Cir., 108 F.2d 758 and Givens v. Moll, 5 Cir., 177 F.2d 765.