Earl Benjamin **BUSH** et al., Plaintiffs,

v.

**ORLEANS PARISH SCHOOL BOARD**
et al., Defendants.

Civ. A. No. 3630.

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 15, 1956.

---

A. P. Tureaud, New Orleans, La., Robert L. Carter, New York City, A. M. Trudeau, Jr., New Orleans, La., Thurgood Marshall, New York City, for plaintiffs.

Browne & Rault, Gerard A. Rault, New Orleans, La., W. Scott Wilkinson, Shreveport, La., Fred S. LeBlanc, Baton Rouge, La., L. H. Perez, New Orleans, La., for defendants.

J. SKELLY WRIGHT, District Judge.

This action in equity[1] is brought in behalf of minor Negro plaintiffs, and all Negroes similarly situated,[2] seeking a declaratory judgment[3] and injunctive relief against the defendants who maintain and operate, pursuant to state statute,[4] the public schools of the Parish of Orleans, Louisiana. Before the court at this time is the application for a temporary injunction.

The public schools of the City of New Orleans are segregated, that is, there are separate schools for white and Negro pupils. Plaintiffs allege that this segregation deprives them of equal protection of the law under the Fourteenth Amendment to the Constitution of the United States, and that under Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, the defendants should be restrained from continuing this practice. In addition to certain preliminary defenses, defendants contend that pursuant to Article 12, § 1 of the Constitution of Louisiana, LSA–Const., and Louisiana Acts 555 and 556 of 1954, LSA–R.S. 17:331 et seq., 17:81.1, and note, all enacted subsequent to the decision of the Supreme Court in Brown,[5] the public schools of New Orleans are operated on a segregated basis as an exercise of the police power of the state and, therefore, the decision of the Supreme Court in Brown outlawing segregation on the basis of race, is not dispositive of the issue here. This contention was considered and re-

---

1. The jurisdiction of this court is invoked under Section 1331, Title 28, United States Code, this being an action that arises under the Fourteenth Amendment of the Constitution of the United States, Section 1, and Section 1981 of Title 42, United States Code Annotated, wherein the matters in controversy exceed the sum and value of Three Thousand ($3,000.00) Dollars, exclusive of interest and costs.

The jurisdiction of the court is also invoked under Section 1343, Title 28, United States Code, this being an action authorized by Section 1983, Title 42, United States Code Annotated, to be commenced by any citizen of the United States, or other person within the jurisdiction thereof, to redress the deprivation, under color of a state law, statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured by the Fourteenth Amendment of the Constitution of the United States, Section 1, and Section 1981 of Title 42, United States Code Annotated, which provides for the equal rights of citizens and all persons within the jurisdiction of the United States.

2. Class action under Rule 23(a) (3), Fed. Rules Civ.Proc. 28 U.S.C.A.

3. 28 U.S.C. §§ 2201, 2202.

4. LSA–R.S. 17:51.

5. 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

jected by this court, sitting with three judges, in an opinion in this case this day rendered, D.C., 138 F.Supp. 336. That opinion is incorporated herein by reference. There remains for disposition then only the preliminary defenses.

■ In their first preliminary defense, the defendants say that this action is in effect a suit against the State of Louisiana, which has not consented to be sued, and therefore, this court is without jurisdiction. But a suit against officers or agents of a state acting illegally is not a suit against the state.[6] The Brown case itself was brought against the Board of Education of Topeka, Kansas, just as the suit here is brought against the state board charged by statute with the administration of public schools. In addition, practically every one of the multitude of school cases which have been litigated through the courts and before the Supreme Court has been brought against state agencies administering the schools. Certainly if there were any lack of jurisdiction, some court along the line, including the Supreme Court, in at least one of the cases would have noticed it, as courts are required to do although the issue is not raised. Moreover, the state statute creating the defendant Board here gives it the right to sue and be sued. LSA–R.S. 17:51.

■■ Defendants also maintain that the amended complaint should be stricken[7] because it is in the nature of a supplemental complaint and no order of the court was obtained before it was filed. They also make the point that in the amended complaint, James F. Redmond, Superintendent of the Orleans Parish Schools, is made a defendant as successor to O. Perry Walker, Acting Superintendent named defendant in the original complaint, and that the amended complaint was not filed within six months of the time Redmond took office. This point is well taken and the action against the defendant Redmond must be dismissed without prejudice to institution of a new and similar action. Rule 25(d), Fed.R.Civ.P. The objection to the balance of the amended complaint, however, is highly technical in nature, and even if well taken, would not result in a dismissal of the action, but only in the giving to the plaintiffs time to amend. Rule 15(a), Fed.R.Civ.P. It need not be disposed of at this time.

■ Defendants also move to dismiss on the ground that no justiciable controversy is presented by the pleadings. This motion is without merit. The complaint plainly states that plaintiffs are being deprived of their constitutional rights by being required by the defendants to attend segregated schools, and that they have petitioned the defendant Board in vain to comply with the ruling of the Supreme Court in Brown v. Board of Education of Topeka, supra. The defendants admit that they are maintaining segregation in the public schools under their supervision pursuant to the state statutes and the article of the Constitution of Louisiana in suit. If this issue does not present a justiciable controversy, it is difficult to conceive of one.

■ Finally, the defendants contend that the plaintiffs have not exhausted their administrative remedies under Louisiana Act 556 of 1954 and that, consequently, this action must be dismissed.

---

6. See Georgia R. R. & Banking Co. v. Redwine, 342 U.S. 299, on page 304, 72 S.Ct. 321, 96 L.Ed. 335 and cases therein cited.

7. Defendants also contend that the complaint was improperly brought under Rule 17(c), Fed.R.Civ.P., by the "next friends" of the plaintiff. This contention was considered and rejected in Board of Supervisors of Louisiana State University etc., v. Tureaud, 5 Cir., 225 F.2d 434, 435, affirmed by court en banc January 6, 1956, 228 F.2d 895. The complaint here alleges that the "next friends" of plaintiffs are their parents or guardians, so the contention appears pointless in any event.

Act 556 of 1954 was part of the legislative plan, enacted subsequent to the Supreme Court's decision in Brown v. Board of Education of Topeka, supra, to avoid the effect of that decision in order to retain segregation in the public schools of the state. Article 12, § 1, of the Louisiana Constitution, passed in 1954, makes segregation through the exercise of police power part of the constitutional law of the state. Act 555 of 1954 implements that constitutional provision by providing that "All public elementary and secondary schools in the state of Louisiana shall be operated separately for white and colored children" and Act 556 of 1954 details the means by which segregation is to be achieved. It provides that "Each parish superintendent of schools, throughout this state, shall, each year, determine the particular public school within each parish to be attended by each school child applying for admission to public schools," and that no school child shall be entitled to enter a public school unless assigned in accordance with the provisions of the Act. The Act goes on further to provide for a hearing before the school superintendent and the board if there is dissatisfaction with the school assignment of any particular child.[8] For the reasons stated in the opinion of this court sitting with three judges rendered this day, the legislative plan for maintaining segregation in the public schools of Louisiana is invalid. Since the administrative remedy outlined in Act 556 is part of the plan, it is invalid on its face and may be disregarded. Yarnell v. Hillsborough Packing Co., 5 Cir., 70 F.2d 435, 92 A.L.R. 1475; 42 Am.Jur., Public Administrative Law § 200. Should Act 556 be considered alone and not part of the over-all legislative plan, then it is invalid as an unlawful delegation of legislative authority for the reason that no standards on which the

superintendent may base his assignment of children are included therein. 42 Am.Jur., Public Administrative Law §§ 42, 43, 44, 45. The only standard for assignment given in the plan is in Act 555 which provides for segregation of the races, which is, of course, invalid under Brown.

 As a practical matter, plaintiffs here have exhausted their administrative remedies. They have petitioned the Board on three separate occasions asking that their children be assigned to nonsegregated schools. The Board not only has refused to desegregate the schools, but has passed a resolution noting the existence of the present suit and stating, "It is not only to the manifest interest of this Board and in accord with its expressed policy, but also in furtherance of the public welfare of this community that this suit and any others that might be instituted with the same objective be vigorously, aggressively, and capably defended." To remit each of these minor children and the thousands of others similarly situated to thousands of administrative hearings before this Board, to seek the relief to which the Supreme Court of the United States has said they are entitled, would be a vain and useless gesture, unworthy of a court of equity. It would be a travesty in which this court will not participate.

The granting of a temporary injunction in this case does not mean that the public schools in the Parish of Orleans would be ordered completely desegregated overnight, or even in a year or more. The Supreme Court, in ordering equitable relief in these cases, has decreed that the varied local school problems be considered in each case. The problems attendant desegregation in the deep South are considerably more serious than generally appreciated in some sec-

8. Act 556 of 1954 also states that persons aggrieved by the ruling of the Board may apply to the state court for relief. This right to apply to the state court for relief is a judicial rather than an administrative remedy. Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281.

tions of our country. The problem of changing a people's mores, particularly those with an emotional overlay, is not to be taken lightly. It is a problem which will require the utmost patience, understanding, generosity and forbearance from all of us, of whatever race. But the magnitude of the problem may not nullify the principle. And that principle is that we are, all of us, freeborn Americans, with a right to make our way, unfettered by sanctions imposed by man because of the work of God.

Decree to be drawn by the court.

### Decree

This cause came on for hearing on motion of plaintiffs for a temporary injunction in accordance with the decree of the Supreme Court in Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, and the court, having carefully considered the decision of the Supreme Court, the arguments of counsel and the record heretofore made in this cause:

It Is Ordered, Adjudged and Decreed that the defendant, Orleans Parish School Board, a corporation, and its agents, its servants, its employees, their successors in office, and those in concert with them who shall receive notice of this order, be and they are hereby restrained and enjoined from requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially nondiscriminatory basis with all deliberate speed as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka, supra.

It Is Further Ordered, Adjudged and Decreed that a bond be filed by plaintiffs herein in the sum of One Thousand Dollars ($1,000.00) for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained, said bond to be approved by the Clerk of this Court.