Theodore GIBSON, as next friend for
Theodore Gibson, Jr., et al.,
Appellants,

v.

BOARD OF PUBLIC INSTRUCTION OF
DADE COUNTY, FLORIDA, et al.,
Appellees.

No. 16482.

United States Court of Appeals
Fifth Circuit.

July 23, 1957.

Rehearing Denied Aug. 29, 1957.

G. E. Graves, Jr., Miami, Fla., Constance Baker Motley, Thurgood Marshall, New York City, Edwin L. Davis, Miami, Fla., Robert L. Carter, New York City, for appellants.

George C. Bolles, Jr., Edward F. Boardman, John S. Lloyd, Boardman & Bolles, Miami, Fla., for appellees.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Negro children eligible to attend the public schools of Dade County, Florida, by their parents as next friends, filed a class action alleging irreparable injury and deprivation of their constitutional rights by the Board of Public Instruction and the Superintendent of Public Schools of that County. The complaint averred that each of the children seeks admission to the public schools of the County without racial segregation; that the defendants maintain and supervise such schools "under a system which provides certain schools for the education of white children only and others for the education of colored children only"; that the plaintiffs have petitioned the Board of Public Instruction to abolish racial segregation in the public schools of the County as soon as is practicable in conformity with the decision of the Supreme Court of the United States in Brown v. Board of Education, 1955, 349 U.S. 294, 75 S.Ct.

753, 99 L.Ed. 1083, but that the Board has refused and, instead adheres to a statement of policy in part as follows:

"It is deemed by the Board that the best interest of the pupils and the orderly and efficient administration of the school system can best be preserved if the registration and attendance of pupils entering school commencing the current school term remains unchanged. Therefore, the Superintendent, principals and all other personnel concerned are herewith advised that until further notice the free public school system of Dade County will continue to be operated, maintained and conducted on a nonintegrated basis."

The complaint prayed for declaratory and injunctive relief.

Upon motion of the defendants, the district court dismissed the complaint holding that it did not set forth a justiciable case or controversy, and did not allege that the plaintiffs had sought admission to any particular school or had been denied the right to attend any school because of their race.[1]

■ The issue of justiciable controversy under such a complaint has been settled in Bush v. Orleans Parish School Board, D.C.E.D.La.1956, 138 F.Supp. 337, 340,[2] affirmed by this Court in 5 Cir., 1957, 242 F.2d 156.[3]

■ Under the circumstances alleged, it was not necessary for the plaintiffs to make application for admission to a particular school. As said by Chief Judge Parker of the Fourth Circuit in School Board of City of Charlottesville, Va. v. Allen, 4 Cir., 1956, 240 F.2d 59, 63, 64:

"Defendants argue, in this connection, that plaintiffs have not shown themselves entitled to injunctive relief because they have not individually applied for admission to any particular school and been denied admission. The answer is that in view of the announced policy of the respective school boards any such application to a school other than a segregated school maintained for Colored people would have been futile; and equity does not require the doing of a vain thing as a condition of relief." 240 F.2d at pages 63, 64.

■ The appellees urge also that the judgment should be affirmed because the plaintiffs have not exhausted their administrative remedies under the Florida Pupil Assignment Law of 1956, Chapter 31380, Laws of Florida, Second Extraordinary Session 1956, F.S.A. § 230.-231. Neither that nor any other law can justify a violation of the Constitution of the United States by the requirement of racial segregation in the public schools. So long as that requirement continues throughout the public school system of Dade County, it would be premature to consider the effect of the Florida laws

1. The opinion of the district court is reported in 2 Race Relations Law Reporter at p. 9.

2. The district court said:
"Defendants also move to dismiss on the ground that no justiciable controversy is presented by the pleadings. This motion is without merit. The complaint plainly states that plaintiffs are being deprived of their constitutional rights by being required by the defendants to attend segregated schools, and that they have petitioned the defendant Board in vain to comply with the ruling of the Supreme Court in Brown v. Board of Education of Topeka, supra. The defendants admit that they are maintaining segregation in the public schools under their supervision pursuant to the state statutes and the article of the Constitution of Louisiana in suit. If this issue does not present a justiciable controversy, it is difficult to conceive of one." 138 F.Supp. at page 340.

3. This Court said:
"Appellees were not seeking specific assignment to particular schools. They, as Negro students, were seeking an end to a local school board rule that required segregation of all Negro students from all white students. As patrons of the Orleans Parish school system they are undoubtedly entitled to have the district court pass on their right to seek relief." 242 F.2d at page 162.

as to the assignment of pupils to particular schools.

The district court erred in dismissing the complaint. Its judgment is reversed and the cause remanded.

Reversed and remanded.