Earl Benjamin BUSH et al., Plaintiffs,

v.

**ORLEANS PARISH SCHOOL BOARD
et al., Defendants.**

Civ. A. 3630.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 1, 1958.

See also, 252 F.2d 253, certiorari denied 78 S.C. 1008.

A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., for plaintiffs.

Browne & Rault, Gerard A. Rault, New Orleans, La., for defendants.

J. SKELLY WRIGHT, District Judge.

This litigation is long standing. On February 15, 1956 this Court, after declaring certain state laws compelling segregation in the public schools of the State of Louisiana unconstitutional,[1] restrained and enjoined this defendant, and persons acting in concert with it, from "requiring and permitting segregation of the races in any school under their supervision, from and after such time as may be necessary to make arrangements for admission of children to such schools on a racially nondiscriminatory basis with all deliberate speed as required by the decision of the Supreme Court in Brown v. Board of Education of Topeka, supra [75 S.Ct. 753, 99 L.Ed. 1083]."

In order to avoid the effect of the ruling of this Court in this case requiring desegregation in the public schools of the City of New Orleans, the Legislature of the State of Louisiana passed Act 319 of 1956.[2] Relying on Section 4[3] of that

1. Bush v. Orleans Parish School Board, D.C., 138 F.Supp. 337, 342, affirmed 5 Cir., 242 F.2d 156, certiorari denied 354 U.S. 921, 77 S.Ct. 1380, 1 L.Ed.2d 1436.

2. LSA-R.S. 17:341 et seq.

3. Section 4 of Act 319 of 1956 reads:
"The President of the Senate shall appoint two (2) members from that body, and the Speaker of the House shall appoint two (2) members from the House of Representatives who shall serve as the Special School Classification Committee of the Louisiana Legislature, which Committee shall have the power and authority to classify any new public schools erected or instituted, or to re-classify

any existing public school, in any city covered by the other provisions of this Sub-part, so as to designate the same for the exclusive use of children of the white race or for the exclusive use of children of the Negro race. Any such classification or re-classification shall be subject to confirmation by the Legislature of Louisiana at its next regular session, said confirmation to be accomplished by concurrent resolution of the two houses of the Legislature. It is clearly understood that the Legislature of the State of Louisiana reserves to itself the sole power to classify or to change the classification of such public schools from all white to any other classification, or

702

Act, the defendant herein has moved to vacate this Court's injunction and dismiss the litigation on the ground that, by reason of this section, the defendant herein, Orleans Parish School Board, no longer controls the classification of public schools as between Negro and white children.

It would serve no useful purpose to labor this matter. The Supreme Court has ruled that compulsory segregation by law is discriminatory and violative of the equal protection clause of the Fourteenth Amendment. Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. Any legal artifice, however cleverly contrived, which would circumvent this ruling, and others predicated on it, is unconstitutional on its face.[4] Such an artifice is the statute in suit.

Motion to dismiss denied.

from all Negro to any other classification, and the action of the Special School Classification Committee as recit-

ed hereinabove shall not become final until properly ratified by the Legislature."

4. See Lane v. Wilson, 307 U.S. 268, 59 S. Ct. 872, 83 L.Ed. 1281.