Earl Benjamin BUSH et al., Plaintiffs,

v.

ORLEANS PARISH SCHOOL BOARD et al., Defendants.

Harry K. WILLIAMS et al., Plaintiffs,

v.

Jimmie H. DAVIS, Governor of the State of Louisiana, et al., Defendants.

Civ. A. Nos. 3630, 10329.

United States District Court
E. D. Louisiana,
New Orleans Division.

Aug. 27, 1960.

Temporary Injunction Aug. 29, 1960.

See also 163 F.Supp. 701.

Thurgood Marshall, New York City, A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., for plaintiffs in No. 3630.

Charles E. Richards, New Orleans, La., for plaintiffs in No. 10329.

Jack P. F. Gremillion, Atty. Gen., in pro. per. as defendant in Nos. 3630 and 10329 and for A. P. Tugwell, defendant in No. 10329.

Gerard Rault, New Orleans, La., for Orleans Parish School Board and James F. Redmond.

RIVES, Circuit Judge, and CHRISTENBERRY and WRIGHT, District Judges.

PER CURIAM.

These consolidated cases [1] are before the Court at this time on application for a temporary injunction restraining the Governor of Louisiana, her Attorney General and other state officers as well as a state court judge, the members of the Orleans Parish School Board and its superintendent from enforcing, executing, or acting under the authority of a certain Louisiana state court injunction as well as under various statutes passed by her legislature. The basis for the application is the allegation that the state court injunction, and the statutes, directly or indirectly, require or promote segregation of the races in the Orleans Parish public schools in violation of the equal protection and due process provisions of the Fourteenth Amendment. There is a further allegation that the state court injunction is in the teeth of an injunction previously issued by this Court, sitting with one judge, requiring the Orleans Parish School Board to begin desegregation of the public schools in Orleans Parish in September, 1960.

On February 15, 1956, this Court, 138 F.Supp. 337, in Bush ordered the Orleans Parish School Board to begin desegregation of the public schools in New Orleans with all deliberate speed. When no action was taken by the Board under that order, this Court ordered the Board to file a desegregation plan by May 16, 1960. On May 16, 1960, the Board filed a pleading in the record stating that because of various Louisiana state laws requiring segregation of the races in the public schools, it was unable to file a plan. Whereupon, on the same day, this Court filed its own plan requiring desegregation of the Orleans Parish schools beginning with the first grade in September 1960.[2]

On July 25, 1960, the Attorney General, in the name of the State of Louisiana, filed a suit in the Civil District Court for the Parish of Orleans against the Orleans Parish School Board praying for an injunction restraining the Board from desegregating the public schools of New Orleans. The basis for this injunction was the allegation that under Section IV of Act 496 of 1960, LSA–R.S. 17:347–4, only the Louisiana Legislature has the right to integrate the public schools. In due course the injunction was issued as prayed for on July 29, 1960.

On August 16, 1960, on motion of the plaintiffs in the Bush case, this Court made the Governor of Louisiana and her Attorney General additional parties defendant and set the motion for temporary injunction for hearing August 26, 1960. On August 17, 1960, Williams et al. v. Davis, Governor of Louisiana et al. was filed. Since in the Williams case the plaintiffs also asked for a temporary in-

---

1. Bush v. Orleans Parish School Board, Civil Action 3630, is a class action brought by Negro parents in behalf of their minor children and others similarly situated.

Williams v. Jimmie H. Davis, Governor of Louisiana et al., is also a class action brought by white parents in behalf of their minor children and others similarly situated.

2. The court order reads:

"It is ordered that beginning with the opening of school in September, 1960, all public schools in the City of New Orleans shall be desegregated in accordance with the following plan:

"A. All children entering the first grade may attend either the formerly all white public school nearest their homes, or the formerly all Negro public school nearest their homes, at their option.

"B. Children may be transferred from one school to another, provided such transfers are not based on consideration of race."

junction against the Governor [3] of Louisiana and her Attorney General, in addition to other state officials, a state judge, and the Orleans Parish School Board, this Court consolidated the motions for hearing.

### Sections I, II and IV of Act 496 of 1960 and the State Court Injunction

■■ Sections I and II of the Act, LSA–R.S. 17:347–1, 17:347–2, provide for separate public schools for non-Negro and Negro children. Under Section IV "the state of Louisiana reserves to itself exclusively through its Legislature, the right to institute or reclassify schools on a racially integrated basis." It is Section IV on which the state court relied for its injunction restraining the Orleans Parish School Board from desegregating, stating that this statute "satisfies the letter and spirit of the requirements of the doctrine set forth by the United States Supreme Court in the case of Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1954)" because "the Legislature can act with 'all deliberate speed' to admit children to the public schools 'on a racially non-discriminatory basis.'" Assuming the Legislature would be so inclined,[4] the statute is still unconstitutional on its face because it gives the Legislature the right to decide whether a public school shall be segregated or not, and the Brown case teaches that no one has this right. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. "In short, the constitutional rights of children not to be discriminated against in school admission on grounds of race or color declared by this Court in the Brown case can neither be nullified openly and directly by state legislators or state executive or judicial officers, nor nullified indirectly by them through evasive schemes for segregation whether attempted 'ingeniously or ingenuously.'" Cooper v. Aaron, 358 U.S. 1, 17, 78 S.Ct. 1401, 1409, 3 L.Ed.2d 5.

### Section V of Act 496 of 1960 LSA–R.S. 17:347–5, and the Action of the Governor

■ Section V provides that where a school board is under court order to desegregate, "the governor, in his sovereign capacity, shall supersede such school board * * *, as of the effective date of said decree, and shall take over * * * the exclusive control, management and administration of the public schools * * * on a racially segregated basis until such time as the legislature shall classify or reclassify schools to place into operation therein a plan of racial integration." The Governor, acting under authority of this statute, has taken over the control of the public schools in New Orleans and, in compliance with the statute, has issued orders to his administrator, the defendant James F. Redmond, Superintendent of the Orleans Parish public schools, to operate them on a segregated basis. This statute is also unconstitutional on its face. It specifically provides that the Governor shall operate the schools on a segregated basis. And, as above stated, not even the Governor can do this. He, like the state legislature and the state judicial officers, is bound

---

3. The Governor did not appear at the hearing nor was he represented. He was, however, validly served under LSA–R.S. 13:3471(6). See Rule 4(d) (7) Fed.R.Civ.P., 28 U.S.C.A.

4. But see Act 333 of 1960, LSA–R.S. 17:-337, passed by the same legislature at the same session, which provides:

"A. No free school books or other school supplies shall be furnished, nor shall any state funds for the operation of school lunch programs, or any other school funds be furnished, or any assistance or recognition be given to any elementary or secondary school in the state of Louisiana which may be racially integrated, or which shall teach white and colored children in the same school, under any circumstances.

"B. Any person, firm or corporation violating any of the provisions of this Act shall be deemed guilty of a misdemeanor, and upon conviction therefor by a court of competent jurisdiction for each such violation shall be fined or imprisoned in the discretion of the court."

by the command of Brown. Cooper v. Aaron, supra.

### Acts 495 and 542 of 1960 and Act 256 of 1958 [5]

 Act 256 of 1958 gives the Governor the right to close any school in the state ordered to integrate. Act 495 of 1960 gives the Governor the right to close all the schools in the state if one is integrated. And Act 542 of 1960 gives the Governor the right to close any school threatened with violence or disorder. All these acts have as their sole purpose continued segregation in the public schools. They are but additional weapons in the arsenal of the State for use in the fight on integration. Although the right of the Governor to close schools under Act 542 of 1960 is not in terms predicated on their integration, the purpose of the act is so clear that its purpose speaks louder than its words. See United States v. American Trucking Associations, Inc., 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, and cases there cited at pages 542–544. This act may be more sophisticated than Act 495 of 1960 and Act 256 of 1958, but it is no less unconstitutional. Cooper v. Aaron, supra, 358 U.S. at page 17, 78 S.Ct. at page 1409.

### Act 333 of 1960, Act 319 of 1956 [6] and Act 555 of 1954 [7]

 These acts specifically provide for segregation of the races in the public schools and withhold, under penalty of criminal sanctions, free school books, supplies, lunch, and all state funds from integrated schools. They are, of course, unconstitutional on their face. Brown v. Board of Education, supra.

Various other statutes, passed by the Legislature of Louisiana and dealing with this subject generally, are alleged by the plaintiffs to be unconstitutional. Since these statutes are unrelated to this litigation, we neither consider these allegations nor intimate opinion. Ruling was reserved on various motions made by the defendants during the course of the hearing. This opinion disposes of those motions.

Judgment accordingly.

### Temporary Injunction

These cases came on for hearing, on motion of plaintiffs for temporary injunction. It being the opinion of this Court that all Louisiana statutes which would directly or indirectly require segregation of the races in the public schools for the Parish of Orleans, or authorize the closure of such schools, or deny them public funds, because they are desegregated, are unconstitutional, in particular Acts 333, 495, 496 and 542 of 1960, Act 256 of 1958, Act 319 of 1956, and Act 555 of 1954;

IT IS ORDERED that the Honorable Jimmie H. Davis, Governor of the State of Louisiana, and all those persons acting in concert with him, or at his direction, including the defendant, James F. Redmond, be, and they are hereby, restrained and enjoined from enforcing the provisions of Acts 333, 495, 496, and 542 of 1960, Act 256 of 1958, Act 319 of 1956, Act 555 of 1954 of the Legislature of Louisiana, and from otherwise interfering with the operation of the public schools for the Parish of Orleans by the Orleans Parish School Board pursuant to the orders of this Court.

IT IS FURTHER ORDERED that control and operation of the public schools of the Parish of Orleans, having been illegally removed from the Orleans Parish School Board, be, and they are hereby, returned to the Orleans Parish School Board.

IT IS FURTHER ORDERED that the Orleans Parish School Board comply with the order of this Court, sitting with one judge, dated May 16, 1960, in Bush v. Orleans Parish School Board, Civil Action No. 3630, requiring desegregation beginning with the first grade.

5. LSA–R.S. 17:336.

6. LSA–R.S. 17:341 et seq.

7. LSA–R.S. 17:331 et seq.

IT IS FURTHER ORDERED that the Honorable Oliver P. Carriere, Judge of the Civil District Court for the Parish of Orleans, State of Louisiana, be, and he is hereby, restrained and enjoined from enforcing the injunction issued by him on July 29, 1960, in the cause entitled State of Louisiana v. Orleans Parish School Board et al., No. 382–646, Division A, Docket 5.

IT IS FURTHER ORDERED that the Honorable Jack P. F. Gremillion, Attorney General of the State of Louisiana, and all persons acting in concert with him, or at his direction, be, and they are hereby, restrained and enjoined from further prosecuting the action in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled State of Louisiana v. Orleans Parish School Board et al., No. 382–646, Division A, Docket 5, and from otherwise interfering in any way with the operation of the public schools of the Parish of Orleans by the Orleans Parish School Board, pursuant to the orders of this Court.

IT IS FURTHER ORDERED that the Honorable A. P. Tugwell, Treasurer of the State of Louisiana, and all persons acting in concert with him, or at his direction, be, and they are hereby, restrained and enjoined from enforcing Act 333 of 1960, and any other statute or regulation of the State of Louisiana which would deny school books, school supplies, school lunch and school funds of any kind to any public school in the State of Louisiana because such school has been desegregated.

IT IS FURTHER ORDERED that a bond be filed by plaintiffs herein in the sum of one thousand dollars for the payment of such costs and damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained, said bond to be approved by the Clerk of this Court.