Willie M. REED, by his father and next friend, Wilmer Reed, Appellant,

v.

Theodore B. PEARSON, as Superintend·ent of Education of Washington County, Alabama, et al., Appellees.

No. 19305.

United States Court of Appeals Fifth Circuit.

Aug. 6, 1962.

Grady W. Hurst, Jr., Chatom, Ala., for appellant.

Albert J. Tully, Mobile, Ala., for appellees. Holberg, Tully & Hodnette, Mobile, Ala., of counsel.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

DeVANE, District Judge.

Appellant, plaintiff below, filed this suit in the United States District Court, Southern District of Alabama, against Theodore B. Pearson as Superintendent of Education of Washington County, Alabama, and the individual members of the Board of Education of Washington County, Alabama, to require them to admit appellant as a student to Reeds Chapel School of that County. The suit is brought under Title 42, Section 1983, U.S.C.A. Appellees filed a motion to dismiss. After hearing oral argument on said motion to dismiss, the District Court on July 7, 1961, granted same with the proviso that appellant be allowed fifteen days within which to amend his complaint. Appellant having failed to amend as required, the District Court on August 21, 1961, entered its final order that the case be and it was dismissed. This appeal is from the two orders of the District Court dismissing the case. For reasons stated below, we affirm the judgment of the District Court.

In 1955 the State of Alabama enacted the Alabama School Placement Law, which was declared constitutional in Shuttlesworth v. Birmingham Board of Education of Jefferson County, Alabama, D.C., 162 F.Supp. 372, and the decision of this Three-Judge Court was affirmed by the Supreme Court in 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145. This case had its origin in a proceeding instituted by the father of appellant under the Alabama School Placement Law. He attempted to enter appellant as a student in Reeds Chapel School of Washington County, Alabama, a school for colored students located closest to his home. Following the procedure prescribed by

this Act, appellant was admitted to the Reeds Chapel School on January 3, 1961, and attended that school through January 6, 1961. On the latter date Minnie Reed, Maggie Jane Orso, Viola Snow and Virginia Weaver, parents of children attending this school, appeared at the school, created a disturbance and threatened further disturbances if appellant was not expelled from the school. The principal dismissed the entire student body on January 6 and sent the children home because of the threatened disturbances, and the school remained closed from that date until January 16, 1961, when it was reopened to all children attending the school except appellant. In his case the Board had taken appellant's application to enter the school under further advisement and at a meeting of the Board held on January 11, 1961, the Board was unable to satisfactorily solve the problem and on that date advised the father of appellant that due to its inability to come to amicable terms with the Trustees of Reeds Chapel School (who were supporting the four women that caused the disturbance at the school) and due to the absence of one member of the Board and due further to the fact the Board felt the need of an attorney to advise them in the matter, additional time would be required to settle the controversy, and that pending further consideration by the Board appellant would be excluded from the school for the time being. The matter had not been resolved by February 20, 1961, and on that date appellant filed this suit in the District Court.

After reciting all the procedural steps taken to enter appellant in Reeds Chapel School and charging the defendants with discrimination against appellant, the complaint states:

"That your petitioner is not discriminated against by the white race, but by people of his own race, color, mixed blood group and by his own relatives, all for and on account of his race, color and blood group."

The complaint does not go into any further details as to the basis of the racial controversy that arose regarding the entry of appellant into the school, other than the statement that the racial difficulties arises out of the fact that his maternal and paternal grandmothers came, the former from Choctaw County, Alabama, and the latter from Clarke County, Alabama. The complaint then goes on to state:

"That the community of Reeds Chapel in Washington County, Alabama, is populated by a people of mixed blood; that your complainant's paternal and maternal grandfathers were a part of this mixed blood group, and were related, as is your petitioner, by blood and marriage, to the great majority of the patrons of the Reeds Chapel School; that your petitioner's maternal and paternal grandmothers were not of this mixed blood group of the community of Reeds Chapel; the former came from Choctaw County, Alabama, and the latter from Clarke County, Alabama; that the reason for the refusal of the trustees of Reeds Chapel School for the admittance of your petitioner to said school prior to the opening of the school term of 1960 was because of your petitioner's race and color acquired through his paternal and maternal grandmothers * * *."

These allegations raise no Federal question and without laboring the point further it is sufficient for us to say that we find no other allegations of fact in this complaint which show, or tend to show, the existence of a Federal question in the case. Givens v. Moll, (5th Cir.) 177 F.2d 765, cert. den. 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373; Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45.

But, say appellant, the District Court was without authority to dismiss the case for the reason it had an element of racial controversy in it and all the Court could do under such circumstances was to hold the case in abeyance on its docket until such time as appellant had exhausted his administrative remedies. As au-

thority for this statement, counsel for appellant cites Carson v. Board of Education of McDowell County, (4th Cir.) 227 F.2d 789, the further continuation of this controversy in Carson v. Warlick, (4th Cir.) 238 F.2d 724, and Gibson v. Board of Public Instruction of Dade County, Florida, (5th Cir.), 246 F.2d 913. He concludes his summary of these cases by stating:

"In summary these series of cases gives us the proposition that where a complaint is filed alleging that a student is denied admission to school because of race or color, his complaint is not to be dismissed because he failed to exhaust his administrative remedies, but is to be held in abeyance until he does. If the District Judge dismissed the complaint because he was of the opinion appellant had failed to exhaust his administrative remedies, he erred. He should have held the complaint in abeyance as ordered by the Circuit Court in the first appeal in the Carson case."

The trouble with these citations is that they are all foreign to the question presented in this case. Neither these cases nor Brown v. Board of Education of Topeka, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, or Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5, 19 authorizes colored people to litigate in Federal Courts controversies of this character among themselves. These cases deal only with the question of integration between white and colored students. This case is nothing more than a family squabble among the Negroes of mixed blood in the Reeds Chapel area. Appellant claims no authority or remedy in this case derived from the Constitution or the Civil Rights Act of 1957, as amended in 1960 (42 U.S.C.A. § 1971 et seq.). See Borders v. Rippy, (5th Cir.) 247 F.2d 268; City of Montgomery v. Gilmore, (5th Cir.) 277 F.2d 364.

This controversy is of a nature that cannot be litigated in the District Court and for that reason should be handled by the Board of Education under the Alabama School Placement Law and by the state courts, if any court litigation is necessary. It is not the type of case that has a place in this Court under any existing Federal law.

■ A word should be added as to the other parties named defendants in this case. Appellant names I. V. Orso, Melton Weaver and Spencer Fields as Trustees of Reeds Chapel School. This is a voluntary organization, possesses no statutory authority under the laws of Alabama, and the members are merely representatives selected by the parents to deal with the School Board. They have no place officially as parties defendant in this case. Appellant also names Minnie Reed, Maggie Jane Orso, Viola Snow and Virginia Weaver, the four persons who brought about the disturbance at the school and compelled the suspension of appellant from the school. Should a condition ever arise under which court litigation is necessary, then these latter named persons could be appropriate defendants. They were properly named in this case.

For the reasons stated above the judgment of the District Court is

Affirmed.

JONES, Circuit Judge (dissenting).

It must be admitted that the appellant's complaint is inartfully drawn. It does, however, assert that the appellant was denied readmission to a public school because of his race. I think the complaint was sufficient to withstand a motion to dismiss and so respectfully dissent.