Anthony T. LEE and Henry A. Lee, by Detroit Lee and Hattie M. Lee, their parents and next friends, et al., Plaintiffs,

United States of America, Plaintiff and Amicus Curiae,

v.

MACON COUNTY BOARD OF EDUCATION (Harry D. Raymon, Chairman, Madison Davis, John M. Davis, B. O. Dukes and F. E. Guthrie) and C. A. Pruitt, Superintendent of Schools of Macon County, Alabama, Defendants.

Civ. A. No. 604-E.

United States District Court
M. D. Alabama, E. D.

Aug. 22, 1963.

Fred D. Gray, Montgomery, Ala., Constance Baker Motley, Norman Amaker, and Jack Greenberg, New York City, for plaintiffs.

Ben Hardeman, U. S. Atty., Montgomery, Ala., David L. Norman, Arvid A. Sather, Attys., Dept. of Justice, Washington, D. C., for United States, plaintiff and amicus curiae.

Richmond M. Flowers, Atty. Gen., Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

This cause is now submitted upon the plaintiffs' motion for a preliminary injunction. Upon consideration of the evidence, consisting of requests for admissions and responses thereto, the deposition of the Macon County, Alabama, school superintendent and the exhibits thereto, and the oral testimony of the various witnesses, together with the several exhibits to that testimony, this Court now makes the appropriate findings of fact and conclusions of law, em-

bodying the same in this memorandum opinion.[1]

This is a proceeding authorized by 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983, brought by the several plaintiffs, who are Negro children suing through their parents as next friends, against the Board of Education of Macon County, Alabama, its individual members, agents, representatives, employees and successors in office, and against the superintendent of schools of Macon County, Alabama. Plaintiffs ask this Court to enjoin the defendants and each of them from continuing their policy, practice, custom and usage of maintaining and operating a compulsory biracial school system in Macon County, Alabama, and from the assignment of students, teachers and other school personnel on the basis of race. This case is a typical class action, seeking the desegregation of the public school system maintained and operated by these defendants in Macon County, Alabama.

■ This Court finds that these plaintiffs are Negro children, living and residing in various areas of Macon County, Alabama, that said plaintiffs are authorized by law to bring and maintain this action, and that the plaintiffs represent a class and are authorized to sue in behalf of other members of their class, since there are common questions of fact and law arising out of circumstances that are common to these plaintiffs and other members of their class. Potts v. Flax, 313 F.2d 284 (5th Cir., 1963).

This Court further finds that these plaintiffs and other members of their class who are similarly situated have been and are currently attending the public schools in Macon County, Alabama, or expect to commence the attendance in said public school system during the 1963–64 school year; that the defendants Harry D. Raymon as Chairman, Madison Davis, John M. Davis, F. E. Guthrie and B. O. Dukes are the members composing the Macon County Board of Education, and C. A. Pruitt is the Superintendent of Schools for the Macon County school system; these individuals actively manage, control and operate the public school system throughout Macon County, Alabama. In this school system there are no attendance areas; there are no city school districts, and there is no city Board of Education. There is only one school district, with the county Board of Education and the superintendent of schools, who is appointed by said Board, exercising complete control thereof. In this school system for the school year 1962–63, there were in attendance 970 white students and 5,317 Negro students. There were 17 schools for Negroes and 3 schools for whites. There were 178 Negro teachers and 43 white teachers. There were 17 buses for white students and 44 buses for Negro students.

■ From the evidence in this case, this Court finds that through policy, custom, practice and usage, the Macon County Board of Education, functioning at the present time through the named defendants, operates a dual school system based upon race and color; that is to say, through policy, practice, custom and usage, these officials operate one set of schools to be attended exclusively by Negro students and one set of schools to be attended exclusively by white students. The evidence further reflects that the teachers are assigned according to race. For example, the minutes of the school Board for the August 30, 1962 meeting reflect the assignment of teachers to schools strictly according to the race of the students and teachers; in other words, Negro teachers are assigned only to schools attended by Negro students and white teachers are assigned only to schools attended by white students. This Court further finds that the students using the transportation facilities, that is, the school buses, are segregated according to race. Transportation

is furnished by the defendants for Negroes only to schools attended solely by Negro students, and for white students only to schools for whites. For the school year 1962–63, the average daily number of white pupils transported by buses in the Macon County school system was 522; the average daily number of Negro pupils transported by school buses was 3,797. In many instances, so that Negro students could be deposited at schools designated solely for their race, they were transported for some distance from near schools that were and are designated for and used solely by white students. Thus, there are over-lappings in the geographical areas involved where there are schools for white students in closer proximity to the homes of Negro students than are the schools for the Negro students. The reverse is true with reference to white students.

This Court now specifically finds that because of the designation of certain schools to be used solely by Negro students and the designation of other schools to be used solely by white students, that because of the assignment of teachers and the manner in which the teachers are assigned, and that because of the transportation facilities that are made available to the students and the manner in which said facilities are made available, the operation of the Macon County school system by these defendants is on a compulsory biracial basis. The operation of this school system on a compulsory biracial basis by these defendants is in their official capacity; thus such an operation is action under color of the laws of the State of Alabama. The operation of the Macon County school system in such a manner is, under the law, discriminatory as to these plaintiffs and other members of their race and class who are similarly situated. This Court specifically finds that the operation of the Macon County school system by and through these defendants, and the manner in which it has been and is being operated, is in violation of the law of the United States. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); McNeese v. Board of Education, etc., 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); Goss v. The Board of Education of the City of Knoxville, Tennessee, 373 U.S. 683, 83 S.Ct. 1405, 10 L.Ed.2d 632 (1963); Watson v. City of Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (1963); Gibson v. Board of Pub. Inst. of Dade County, 246 F.2d 913 (5th Cir., 1957) and 272 F.2d 763; Holland v. Board of Pub. Inst. of Palm Beach County, Florida, 258 F.2d 730 (5th Cir., 1958); Mannings v. Board of Pub. Inst., 277 F.2d 370 (5th Cir., 1960); Augustus v. Board of Pub. Inst., 306 F.2d 862 (5th Cir., 1962); Bush v. Orleans Parish School Board, 308 F.2d 491 (5th Cir., 1962); and Armstrong et al. v. Board of Education of the City of Birmingham, Alabama, 323 F.2d 333 (5th Cir., 1963).

This Court further finds that there have been no steps taken by the Macon County Board of Education to desegregate its public school system. However, this Court is assured by the chairman of the Board in his testimony given in open court upon this hearing and by the superintendent for the Board in his testimony given in open court on this hearing that the school officials of Macon County, Alabama, recognize and candidly acknowledge that under the law they have the primary responsibility of taking the initiative in bringing to an end the operation of a school system that violates the constitutional rights of a large majority of the citizens in Macon County.[2] The Court is further assured by said defendants that a complete plan for the general desegregation of the Macon County school system, including the abolition of the operation of the dual

2. Brown v. Board of Education, 349 U.S. 294, 299, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Rippy v. Borders, 250 F.2d 690, 693 (5th Cir., 1957); Calhoun v. Lati-mer, 321 F.2d 302 (5th Cir., 1963); and Davis v. Board of School Commissioners of Mobile County, Alabama, 322 F.2d 356 (1963).

school system based upon color, will be prepared by said officials and submitted to this Court on or before December 12, 1963. From the testimony given by the chairman of the Board and by the superintendent of schools of Macon County, Alabama, in open court in the presence of the other defendants, it appears that the defendants are at the present time ready and willing to start immediately in the desegregation of the schools of Macon County, Alabama, by putting into effect for the school year commencing in September 1963, the Alabama School Placement Law, without any racial discrimination.[3]

This Court is now prepared to accept the assurances of the members of the Macon County Board, and it is recognized by both the Court and the defendants that an honest and fair application of the Alabama School Placement Law—which law was approved in Shuttlesworth v. Birmingham Board of Education, 162 F.Supp. 372, affirmed by the Supreme Court, 358 U.S. 101, 79 S.Ct. 221, 3 L. Ed.2d 145—will result in the immediate admission of a number of qualified Negro students for the school term commencing September 1963, in certain schools heretofore maintained and operated exclusively for white students. Needless to say, the failure on the part of the Board to administer the Alabama School Placement Law without regard to race or color will result in the law's being struck down on the basis of unconstitutionality. As the Court said in the Shuttlesworth case, supra:

> "We must presume that it will be so administered. If not, in some future proceeding it is possible that it may be declared unconstitutional in its application. The responsibility rests primarily upon the local school boards, but ultimately upon all of the people of the State."

Upon consideration of the foregoing findings and conclusions, it is the OR-DER, JUDGMENT and DECREE of this Court:

(1) That the defendants, the Macon County Board of Education, Madison Davis, John M. Davis, F. E. Guthrie, B. O. Dukes, Harry D. Raymon as Chairman, and C. A. Pruitt as Superintendent of Schools of Macon County, Alabama, their agents, servants, employees, successors in office, and those acting or who may act in concert with them and who shall receive notice of this order, be and each is hereby restrained and enjoined from failing to make an immediate start, to be effective for the school term commencing September 1963, in the desegregation of the schools of Macon County, Alabama, through the use of the Alabama School Placement Law, without discrimination on the basis of race or color. Augustus v. Board of Public Instruction, 306 F.2d 862, 869 (5th Cir., 1962), and Armstrong, et al. v. Board of Education, Birmingham, 323 F.2d 333 (5th Cir., 1963).

(2) That the defendants, the Macon County Board of Education, Madison Davis, John M. Davis, F. E. Guthrie, B. O. Dukes, Harry D. Raymon as Chairman, and C. A. Pruitt as Superintendent of Schools of Macon County, Alabama, and their successors in office, submit to this Court not later than December 12, 1963, a plan under which the said defendants propose to desegregate the schools and the school system of Macon County, Alabama, which plan shall provide for carrying into effect a general application of the Alabama School Placement Law without regard to race or color, as to each and every school and school grade, not later than the school term commencing January 1964 and thereafter; in addition, said plan is to include detailed provisions for abolishing the dual school system as it is presently maintained and operated in Macon County, Alabama.

(3) That the chairman of the Board and the superintendent of schools of

3. Act No. 201, Regular Session 1955 (effective August 3, 1955), as amended by Act 367, Regular Session 1957 (effective August 26, 1957); codified in Title 52, Chapter 4A, Code of Alabama 1940.

Macon County, Alabama, report to this Court on or before 9 a. m., September 3, 1963, the action taken by the Board of Education on each application for admission and/or transfer under the Alabama School Placement Law filed with the said Board.

It is further ordered that jurisdiction of this cause be and the same is hereby specifically retained.