**UNITED STATES of America,**
**Plaintiff,**

v.

**George C. WALLACE, Albert J. Lingo, C. W. Russell, Joe Smelley, Walter L. Allen, Claude Sutton Prier, and T. L. Payne, Defendants.**

**Civ. A. No. 1976–N.**

United States District Court
M. D. Alabama, N. D.

Sept. 24, 1963.

Ben Hardeman, U. S. Atty., Montgomery, Ala., and John Doar, Atty., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

John P. Kohn, Montgomery, Ala., for defendants.

Before JOHNSON, LYNNE, THOMAS, GROOMS and ALLGOOD, District Judges.

PER CURIAM.

Pursuant to the order of this Court made and entered herein on September 13, 1963, the motion of the United States for a preliminary injunction was heard by this Court on this date. The motion for a preliminary injunction is now submitted upon the pleadings, the testimony of the several witnesses and the exhibits thereto, the deposition of John Doar, the briefs filed with this Court by counsel, and the oral arguments. Upon this submission this Court now proceeds to make in this memorandum the appropriate findings of fact and conclusions of law.

The United States District Court for the Middle District of Alabama on August 13, 1963, in the case of Lee v. Macon

County Board of Education, 221 F.Supp. 297, permanently enjoined the Macon County Board of Education and the Superintendent of Schools of Macon County from, among other things, failing to make an immediate start, to be effective for the school term commencing September 1963, in the desegregation of the schools of Macon County, Alabama, through the use of the Alabama School Placement Law, without discrimination on the basis of race or color. This order was supplemented on August 22, 1963.

On August 30, 1963, in compliance with the order of this Court, the Macon County Board of Education assigned thirteen Negro pupils to the previously all white Tuskegee Public High School.

The assignment contemplated that the thirteen Negro students would attend Tuskegee Public High School commencing on September 2, 1963, at 7:55 a. m., when the public schools of Macon County, including Tuskegee Public School, were scheduled to open the 1963–64 school term. On August 31, 1963, employees of the Macon County Board of Education registered the thirteen Negro children as students at the Tuskegee High School for the 1963–64 school term.

The policy of the defendant George C. Wallace, as Governor of the State of Alabama, has been and is to prevent Negro children from attending the same public schools in Alabama attended by white children.

Pursuant to said policy, the defendant George C. Wallace issued on September 2, 1963, an Executive Order. In said order the defendant George C. Wallace purported to order and direct the Macon County Board of Education to delay the opening of Tuskegee High School for a period of one week, until Monday, September 9, 1963.

On September 2, 1963, at about 6 a. m., the defendant George C. Wallace caused to be served on members of the Macon County Board of Education and on the Superintendent of Schools of Macon County, the aforesaid Executive Order.

Immediately thereafter, at the direction of the defendant George C. Wallace, the defendants Albert J. Lingo, Joe Smelley, Walter L. Allen and Claude Sutton Prier, together with approximately 108 State Highway Troopers of the Highway Patrol Division of the Department of Public Safety of the State of Alabama, surrounded Tuskegee High School and physically prevented and obstructed all students from entering the school building for the opening of school at 7:55 a. m. that day.

Under the direction of the defendant Albert J. Lingo, members of the Highway Patrol Division remained in position surrounding the school during the entire school day and physically prevented and obstructed the Macon County Board of Education from operating the Tuskegee High School on that day.

At about 2 p. m. on September 2, School Superintendent C. A. Pruitt announced that Tuskegee High School was open and would continue to remain open and operate as originally scheduled, along with the other schools in Macon County which the Macon County Board of Education is operating according to schedule.

On September 3, 1963, at approximately 6 a. m., acting on the instructions of the defendant George C. Wallace, the defendants Al Lingo, Claude Sutton Prier, together with approximately 216 officers of the State Highway Patrol and certain special deputies from Dallas County, Alabama, again surrounded the Tuskegee High School and thereafter during the school day physically prevented and obstructed all school children and teachers from entering the Tuskegee High School.

On September 4, 1963, at approximately 6 a. m., acting on the instructions of the defendant George C. Wallace, the defendant Claude Sutton Prier, together with approximately 35 officers of the State Highway Patrol again surrounded the Tuskegee High School and thereafter during the school day physically prevented and obstructed all school children and teachers from entering the Tuskegee High School. The defendant Claude Sutton Prier, together with approximately 35 officers of the State Highway Patrol, remained in position around the Tus-

kegee High School and physically prevented and obstructed all children from entering the Tuskegee High School during the entire school week of September 2.

On July 19, 1963, the United States District Court for the Northern District of Alabama, in the case of Armstrong v. Board of Education of the City of Birmingham, 220 F.Supp. 217, entered an order enjoining the Board of Education of the City of Birmingham, Alabama, from requiring segregation of the races in any school under its supervision, from and after such times as might be necessary, to make arrangements for admission of children to such schools on a racially nondiscriminatory basis with all deliberate speed. On August 19, 1963, the United States District Court for the Northern District of Alabama entered an order approving a desegregation plan which the Board of Education of the City of Birmingham had submitted to the Court pursuant to the Court's order of July 19, 1963.

In compliance with the orders of the United States District Court for the Northern District of Alabama, entered on July 19, 1963, and August 19, 1963, the Board of Education of the City of Birmingham accepted and enrolled two Negro children in Graymont Elementary School, one Negro child in Ramsey High School, and two Negro children in West End High School for the 1963-64 school year commencing on September 4, 1963. Each of these schools is located in the City of Birmingham, is under the jurisdiction of the Board of Education of the City of Birmingham, and had previously been attended only by white children.

On July 26, 1963, the United States District Court for the Southern District of Alabama, in the case of Davis v. Board of School Commissioners of Mobile County, Civil Action No. 3003-63, 219 F. Supp. 542, entered its order requiring the Board of School Commissioners of Mobile County, Alabama, to submit to the Court a plan for the carrying into effect not later than the beginning of the school year commencing in September 1963, and thereafter, of the Alabama Pupil Placement Law as to all school grades without racial discrimination. On August 23, 1963, the United States District Court for the Southern District of Alabama, approved a plan submitted to the Court by the Board of School Commissioners of Mobile County pursuant to its order of July 26, 1963.

On September 4, 1963, the Board of School Commissioners of Mobile County, in compliance with the orders of the United States District Court for the Southern District of Alabama, entered on July 26, 1963, and August 23, 1963, in the case of Davis v. Board of School Commissioners of Mobile County, Civil Action No. 3003-63, enrolled two Negro students in Murphy High School in the City of Mobile, Alabama. Murphy High School had previously been attended only by white children.

On the early morning of September 9, 1963, George C. Wallace, acting pursuant to the policy described hereinabove, issued three Executive Orders denominated Executive Orders Nos. 10, 11 and 12, each directing that "No student shall be permitted to integrate the public schools" of each of the cities of Mobile, Tuskegee and Birmingham, respectively.

Since the issuance of Executive Orders Nos. 10, 11 and 12, described in the preceding paragraph, the defendants have enforced those Executive Orders by stationing numbers of officers of the Alabama Highway Patrol at Murphy High School in the City of Mobile, Alabama, at Tuskegee High School in the City of Tuskegee, Alabama, at Graymont Elementary School, Ramsey High School and West End High School, all in the City of Birmingham, Alabama, under orders to prevent Negro children from entering and attending each of these schools. The officers at Tuskegee have been under the direction of the defendant Prier; the officers at Mobile have been under the direction of the defendant Smelley; and the officers at Birmingham have been under the direction of the defendant Payne.

On September 9, 1963, the officers of the Alabama Highway Patrol stationed at Tuskegee High School, under the direction of the defendant Prier, at Murphy High School, Graymont Elementary School, Ramsey High School and West End High School, as described in the preceding paragraph, physically obstructed and prevented Negro children from entering and attending each of those schools pursuant to the various orders of the United States District Courts for the Middle District of Alabama, the Southern District of Alabama, and the Northern District of Alabama, as herein described.

At all times herein material, the Board of Education of Macon County has attempted to operate its school system in compliance with the order of this Court, and all schools in Macon County are open and operating, but the Tuskegee High School has not been able to operate in compliance with this Court's orders because of the interference and obstruction by the defendants.

The acts and conduct of the defendants as herein described have been and are for the purpose and have the effect of interfering with and obstructing the carrying out of the orders of the United States District Court for the Middle District of Alabama entered on August 22, 1963, in the case of Lee v. Macon County Board of Education, Civil Action 604–E; for the Southern District of Alabama entered on July 26, 1963, and August 23, 1963, of Mobile County, Alabama, Civil Action No. 3003–63; and of the United States District Court for the Northern District of Alabama entered on July 19, 1963, and August 19, 1963, in the case of Armstrong v. Board of Education of the City of Birmingham.

Unless restrained by the order of the Court, the defendants will continue to prevent the attendance of Negro children in the public schools in the cities of Tuskegee, Mobile and Birmingham, Alabama, and will frustrate implementation of the lawful orders of the courts of the United States.

The plaintiff is suffering and, unless an injunction is entered, will continue to suffer immediate and irreparable injury as a consequence of the impairment of its judicial process, the obstruction of the due administration of justice in its courts, and the deprivation of rights under the Constitution and laws of the United States.

This Court has jurisdiction of this action and the parties thereto.

We conclude that the plaintiff is entitled to the temporary injunctive relief for which it prays.

Now, therefore, it is the order, judgment and decree of this Court that the defendants and each of them, their officers, agents, employees, subordinates, and successors, together with all persons in active concert or participation with them or any of them, are temporarily enjoined, pending a final determination of this cause, from:

1. Implementing or giving any force or effect to the Executive Order of September 9, 1963, of the Governor of the State of Alabama ordering and directing that no student shall be permitted to integrate the public schools of the City of Tuskegee, Alabama; Murphy High School in the City of Mobile; and Graymont Elementary School, Ramsey High School, and West End High School, all in the City of Birmingham, Alabama.

2. Physically preventing or interfering with students, teachers, or other persons authorized by the Board of Education from entering or leaving the premises of the Tuskegee High School.

3. Harassing or punishing any students, teachers, or any other authorized persons for having entered the Tuskegee High School.

4. Interfering with or obstructing the Macon County Board of Education, their agents or employees, from administering and operating the Macon County School System in compliance with the order of the Court in the case of Lee v. Macon County Board of Education wherein this Court ordered the Macon County Board of Education to make an immediate start, to be effective for the

school term commencing September 1963, in the desegregation of the schools of Macon County, Alabama, through the use of the Alabama School Placement Law, without discrimination on the basis of race or color.

5. Failing to maintain peace and order within and around the Tuskegee High School in such a manner and by such means as not to interfere with or obstruct this Court's order enjoining the Macon County Board of Education from failing to make an immediate start, to be effective for the school term commencing September 1963, in the desegregation of the schools of Macon County, Alabama, through the use of the Alabama School Placement Law without discrimination on the basis of race or color.

6. Preventing, attempting to prevent, or interfering with the exercise of rights or the performance of duties under this Court's order enjoining the Macon County Board of Education from failing to make an immediate start, to be effective for the school term commencing September 1963 in the desegregation of the schools of Macon County, Alabama, through the use of the Alabama School Placement Law, without discrimination on the basis of race or color.

7. Implementing or giving any force or effect to the Executive Order of September 9, 1963, of the Governor of the State of Alabama, ordering and directing that no student shall be permitted to integrate the Murphy High School in the City of Mobile, Alabama, and the Graymont Elementary School, Ramsey High School, and West End High School in the City of Birmingham, Alabama.

8. Physically preventing or interfering with students, teachers, or other persons authorized by the Board of School Commissioners of Mobile County from entering or leaving the Murphy High School in Mobile, Alabama.

9. Harassing or punishing any student, teacher, or any other authorized persons for having entered the Murphy High School in Mobile.

10. Physically preventing or interfering with students, teachers, or other persons authorized by the Board of Education of the City of Birmingham from entering or leaving the Graymont Elementary School, Ramsey High School, and West End High School in Birmingham.

11. Harassing or punishing any student, teacher, or any other authorized persons for having entered the Graymont Elementary School, Ramsey High School, and West End High School in Birmingham, Alabama.

12. Failing to maintain law and order in and about the public schools in the cities of Mobile and Birmingham in such a manner and by such means as will not interfere with or prevent the Boards of Education of Mobile and Birmingham from operating their schools on a desegregated basis.

13. Preventing, attempting to prevent, or interfering with the exercise of rights or the performance of duties under the orders of the United States District Courts for the Northern and Southern Districts of Alabama relating to the desegregation of public schools in the cities of Mobile and Birmingham, Alabama.