Arlam CARR, Jr., a minor, by Arlam Carr and Johnnie Carr, his parents and next friends, et al., Plaintiffs,

v.

MONTGOMERY COUNTY BOARD OF EDUCATION et al., Defendants.

Civ. A. No. 2072-N.

United States District Court
M. D. Alabama, N. D.

July 31, 1964.

Fred D. Gray, Montgomery, Ala., Jack Greenberg and Charles H. Jones, Jr., New York City, for plaintiffs Carr and others.

Vaughan Hill Robison, R. S. Hill, Jr., Richard C. Belser and Joseph D. Phelps, (of Hill, Robison & Belser), Montgomery, Ala., for defendants.

Ben Hardeman, U. S. Atty., Montgomery, Ala., and John Doar and Jonathan B. Sutin, Dept. of Justice, Washington, D. C., for the United States, amicus curiae.

JOHNSON, District Judge.

This cause is now submitted upon the plaintiffs' motion for a preliminary injunction. Upon consideration of the evidence, consisting of requests for admissions and responses thereto, interrogatories and answers thereto, the deposition of the Montgomery County Superintendent of Education, Walter McKee, and the several exhibits thereto, and the oral testimony of the various witnesses, together with the several exhibits to that testimony, this Court now makes the appropriate findings of fact and conclusions of law, embodying the same in this memorandum opinion.

This is a proceeding authorized by § 1343, Title 28 U.S.C.A., and § 1983, Title 42 U.S.C.A., brought by the several plaintiffs, who are Negro children suing through their parents as next friends, against the Board of Education of Montgomery County, Alabama, its individual members, agents, representatives, employees, and successors in office, and against the Superintendent of Education of Montgomery County, Alabama. Plaintiffs ask this Court to enjoin the defendants and each of them from continuing the policy, practice, custom, and usage of maintaining and operating a compulsory biracial school system in Montgomery County, Alabama, and from assigning students, teachers and other school personnel on the basis of race. Upon the filing of this action on May 11, 1964, by the plaintiffs, for themselves and on behalf of other members of their class, this Court by formal order made and entered in this case on May 18, 1964, designated the United States of America as amicus curiae.

■ From the evidence in this case, this Court now finds that these plaintiffs are Negro children living and residing in various areas of Montgomery County, Alabama; that plaintiffs are authorized by law to bring and maintain this action, and that these plaintiffs' represent a class within the meaning of Rule 23(a) (3) of the Federal Rules of Civil Procedure and are, therefore, authorized to sue on behalf of other members of that class since there are common questions of fact arising out of circumstances that are common to these plaintiffs and the other members of their class. Potts v. Flax, 313 F. 2d 284 (5th Cir. 1963); Brunson v.

Board of Trustees of School Dist. No. 1, 311 F.2d 107 (4th Cir. 1962), cert. den. 373 U.S. 933, 83 S.Ct. 1538, 10 L.Ed.2d 690 (1963).

This Court further finds that these plaintiffs and the other members of their class who are similarly situated have been and are currently attending the public schools in Montgomery County, Alabama, or expect to commence attendance in said public school system during the 1964–65 school year; that the individual defendants Harold M. Harris, as Chairman, Fred Bear, Dr. H. P. Dawson, George A. Dozier, Dr. W. E. Goodwin, Isabelle B. Thomasson, and Dr. Robert Parker are the members composing the Montgomery County Board of Education, and Walter McKee is the Superintendent of Education of Montgomery County, Alabama; and that these individuals actively manage, control and operate the public school system throughout Montgomery County, Alabama. This school system, as operated, is a unified city-county system with no separate city school districts and no City Board of Education. There is only one school district for Montgomery County, Alabama, with the County Board of Education and the Superintendent of Education of Montgomery County, Alabama, exercising complete control over the entire system. In this school system for the school year 1963–64, there were in attendance approximately 15,000 Negro children and approximately 25,000 white children. In this system the Montgomery County Board of Education owns and operates approximately 77 schools.

From the evidence in this case, this Court further specifically finds that, through policy, custom and practice, the Montgomery County Board of Education, functioning at the present time through the named individual defendants, operates a dual school system based upon race and color; that is to say, that, through this policy, practice and custom, these officials operate one set of schools to be attended exclusively by Negro students and one set of schools to be attended exclusively by white students. The evidence further reflects that the teachers are assigned according to race; Negro teachers are assigned only to schools attended by Negro students and white teachers are assigned only to schools attended by white students.

This Court further finds that the students using the transportation facilities; that is, the school buses, are segregated according to race. Furthermore, transportation is furnished by the defendants for Negroes only to schools attended solely by Negro students and for white students only to schools attended solely by white students.

The several exhibits in this case reflect that, in what has been set up by these defendants as "attendance areas," particularly in the City of Montgomery, Alabama, certain such areas are designated for "colored" and others are designated for "white." From the manner in which these area lines are drawn, there are schools designated for and solely attended by white students that are in closer proximity to the homes of Negro students than are the schools designated for the Negro students. The reverse is true with reference to white students. The assignments of students to public schools (elementary, junior high and high) in Montgomery County, Alabama, have been, and are presently, being made on the basis of race or color. This is being done through the use of these "attendance areas" or "district zones," which areas are, according to the maps introduced into evidence in this case, very obviously drawn on the basis of race and color. Segregation of the races is also being accomplished in this public school system through the assignment of principals, teachers and other professional personnel. The "feeder system" is used in the Montgomery County school system; this is a system by which students are advanced from elementary schools through junior high schools and on to the high schools. This "feeder system" has been set up, is based, and is presently operating on distinctions of race and color. For instance, Negro

children who are initially assigned to an elementary school attended solely by other Negro children are thereafter, in each and every instance as reflected by the evidence in this case, assigned to junior high schools and subsequently to senior high schools which are attended solely by Negro children. The reverse is true for white children. Furthermore, strong considerations of race have figured in the disbursement of school funds for maintenance, operation and construction in the Montgomery County school system. Even the substitute teachers' lists and attendance records reflect these distinctions based upon race.

This Court now specifically finds and concludes that, because of the designation of certain schools to be used solely by Negro students and the designation of other schools to be used solely by white students, because of the assignment of teachers and the manner in which the teachers are assigned, because of the transportation facilities that are made available to students and the manner in which said facilities are used, and upon an abundance of other evidence as submitted in this case, some of which has been hereinabove referred to, the operation of the Montgomery County school system by these defendants is on a compulsory biracial basis. The operation of this school system on a compulsory biracial basis by these defendants is in their official capacity; thus, such an operation is action under color of the laws of the State of Alabama. The operation of the Montgomery County school system in such a manner is, under the law, discriminatory as to these plaintiffs and other members of their race and class who are similarly situated.

■ This Court specifically finds that the operation of the Montgomery County school system by and through these defendants, and the manner in which it has been and is presently being operated,

is in violation of the law of the United States. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (June 1963); Goss v. Board of Education, 373 U.S. 683, 83 S.Ct. 1405, 10 L.Ed.2d 632 (June 1963); Watson v. Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (May 1963); Gibson v. Board of Public Instruction of Dade County, 246 F.2d 913 (5th Cir. 1957); Gibson v. Board of Public Instruction, Dade County, Fla., 272 F.2d 763 (5th Cir. 1959); Holland v. Board of Public Instruction, 258 F.2d 730 (5th Cir. 1958); Mannings v. Board of Public Instruction, 277 F.2d 370 (5th Cir. 1960); Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962); Bush v. Orleans Parish School Board, 308 F.2d 491 (5th Cir. 1962); Armstrong v. Board of Education of the City of Birmingham, Ala., 323 F.2d 333 (5th Cir., July 1963); Lee v. Macon County Board of Education, 221 F.Supp. 297 (M.D.Ala., August 1963); Lee v. Macon County Board of Education, 231 F.Supp. 743 (M.D.Ala., July 1964), and Armstrong v. Board of Education of the City of Birmingham, Ala., 333 F.2d 47 (5th Cir., June 1964).

■ This Court further finds that, since the Supreme Court spoke in Brown v. Board of Education, supra, in 1954, the only step taken by the Montgomery County Board of Education to comply with that court decision is that "mechanics were set up" in 1956 to use the Alabama School Placement Law in the assignment of students.[1] The "mechanics" for the use of the Alabama School Placement Law as set up by the Montgomery County Board of Education have not resulted in the transfer of any Negro students to white schools or of any white students to Negro schools

---

1. Title 52, Chapter 4A, Code of Alabama. Also see Shuttlesworth v. Birmingham Board of Education, 162 F.Supp. 372 (N.D.Ala.1958), aff'd 358 U.S. 101, 79 S.

Ct. 221, 3 L.Ed.2d 145, and this Court's opinion in Lee v. Macon County Board of Education (July 1964), supra.

in the entire system. Thus, this Court finds the conclusion inescapable that the Montgomery County Board of Education has made and is presently making assignments and transfers of students on the basis of race notwithstanding the provisions of the Alabama School Placement Law.

■■ The facts in this case further show that the defendant board of education in this case has not performed and is not performing its clear legal duty of taking affirmative steps to provide and operate a desegregated educational system in Montgomery County, Alabama. The duty on the part of such a board in this respect, as set out in Armstrong v. Board of Education of the City of Birmingham, Ala. (July 1963), supra, is:

"The burden of initiating desegregation does not rest on Negro children or parents or on whites, but on the School Board."

■ In this case, these plaintiffs are seeking the relief that was sought ten years ago by the plaintiffs in Brown v. Board of Education, supra. The evidence in this case reflects that they are entitled to that relief. That relief, generally, is to desegregate, within a reasonable time and in as orderly a manner as possible, a school system being operated in Montgomery County, Alabama, which is operated in violation of the laws of this country. The evidence in this case does not reflect any justification or basis for a continuation of this segregated school system that is continuously violating the constitutional rights of these plaintiffs and the members of their class. Accordingly, the Montgomery County Board of Education, and the individual members thereof, and Walter McKee as Superintendent of Education of Montgomery County, Alabama, will be restrained, by this Court's issuance of a preliminary injunction, from the continuation of such a system.

This Court is of the further opinion, and now concludes, that the defendants in this case should, immediately upon receipt of this order, take the necessary steps to desegregate the public schools in the Montgomery County school system to such an extent as will meet the minimum requirements specifically set forth by the Fifth Circuit Court of Appeals in Armstrong v. Board of Education of the City of Birmingham, Ala. (June 1964), supra. In this connection, see also Calhoun v. Latimer, 84 S.Ct. 1235 (May 1964) and Griffin v. County School Board of Prince Edward County, 84 S.Ct. 1226. (May 1964).

This means that, commencing with the opening of the schools in the Montgomery County school system in September 1964, the first, tenth, eleventh, and twelfth grades must be desegregated. This desegregation for these grades may be through the use of the Alabama School Placement Law after the giving of timely and appropriate public notice that it will be used for this purpose throughout the entire school system in Montgomery County, Alabama, commencing in September 1964. This notice shall be by advertisement in one of the daily newspapers circulated throughout Montgomery County, Alabama, and shall be addressed to the students, parents, teachers, and other appropriate school personnel. Such notice shall be calculated to inform all concerned of their right under the plan, and said publication shall be at least twice per week for two weeks. The acceptance of applications for transfer shall be in the office of the Montgomery County Board of Education, Montgomery, Alabama, or at some other suitable place or places publicly designated by the Board of Education; said applications for transfer to the grades specified shall be accepted from the date of the filing of this Court's opinion and order to and including August 14, 1964.

■ The requirements herein outlined are considered by this Court to be the minimum requirements. Calhoun v. Latimer (May 1964), supra; Griffin v. County School Board of Prince Edward County (May 1964), supra, and Armstrong v. Board of Education of the

City of Birmingham, Ala. (June 1964), supra.

The Montgomery County Board of Education will be further ordered to file with this Court on or before January 15, 1965, its detailed plan for the operation of the Montgomery County school system commencing with the 1965–66 school year; such plan is to include and provide for the desegregation of the entire school system in Montgomery County, Alabama, within a time and in such a manner as to meet the constitutional requirements.

This Court specifically retains jurisdiction of this cause.