James Ralph HARRIS and George Hopson Harris, minors, by James H. Harris and Ruby C. Harris, their parents and next friends, and Patricia Ann Tarver, a minor, by Sarah Jane Tarver, her grandmother and next friend, Plaintiffs,

v.

BULLOCK COUNTY BOARD OF EDUCATION, R. E. L. Cope, Donald C. Parker, Jerrol F. Cope, Sam T. Hall, Jr., and Hugh B. Tompkins, Members of the Bullock County Board of Education, and Joe Stowers, Superintendent of Education of Bullock County, Alabama, Defendants.

Civ. A. No. 2073-N.

United States District Court
M. D. Alabama, N. D.

Aug. 5, 1964.

Fred D. Gray, Montgomery, Ala., Jack Greenberg and Charles H. Jones, Jr., New York City, for plaintiffs.

Ben Hardeman, U. S. Atty., Montgomery, Ala., and Jonathan B. Sutin, Atty., Dept. of Justice, Washington, D. C., amici curiae.

Goodwyn & Smith, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

This cause is now submitted upon the plaintiffs' motion for a preliminary injunction. Upon consideration of the evidence, this Court now makes the appropriate findings of fact and conclusions of law, embodying the same in this memorandum opinion.

This is a proceeding authorized by § 1343, Title 28 U.S.C.A., and § 1983, Title 42 U.S.C.A., brought by the several plaintiffs, who are Negro children suing through their parents as next friends, against the Board of Education of Bullock County, Alabama, its individual members, agents, representatives, employees, and successors in office, and against the Superintendent of Education of Bullock County, Alabama. Plaintiffs ask this Court to enjoin the defendants, and each of them, from continuing the policy, practice, custom, and usage of maintaining and operating a compulsory biracial school system in Bullock County, Alabama, and from assigning students, teachers and other school personnel on the basis of race. Upon the filing of this action on May 11, 1964, by the plaintiffs, for themselves and on behalf of other

members of their class, this Court by formal order made and entered in this case on May 18, 1964, designated the United States of America as amicus curiae.

■ From the evidence in this case, this Court now finds that these plaintiffs are Negro children, living and residing · in Bullock County, Alabama; that plaintiffs are authorized to bring and maintain this action; and that these plaintiffs represent a class within the meaning of Rule 23(a) (3) of the Federal Rules of Civil Procedure and are, therefore, authorized to sue on behalf of other members of that class since there are common questions of fact arising out of circumstances that are common to these plaintiffs and the other members of their class. Potts v. Flax, 313 F.2d 284 (5th Cir. 1963); Brunson v. Board of Trustees of School Dist. No. 1, 311 F.2d 107 (4th Cir. 1962), cert. denied 373 U.S. 933 (1963).

■ This Court further finds that these plaintiffs and the other members of their class who are similarly situated have been and are currently attending the public schools in Bullock County, Alabama, or expect to commence attendance in said public school system during the 1964–65 school year; that the individual defendants R. E. L. Cope, as Chairman, Donald C. Parker, Jerrol F. Cope, Sam T. Hall, Jr., and Hugh B. Tompkins, are the members composing the Bullock County Board of Education, and Joe Stowers is the Superintendent of Education of Bullock County, Alabama; and that these individuals actively manage, control and operate the public school system throughout Bullock County, Alabama. This school system, as operated, is a unified city-county system with no separate city school districts and no City Board of Education. There is only one school district for Bullock County, Alabama, with the County Board of Education and the Superintendent of Education of Bullock County, Alabama, exercising complete control over the entire system. In this school system for the school year 1963–64, there were approximately 34 white teachers and 925 white students; there were approximately 113 Negro teachers and 3,000 Negro students.

From the evidence in this case, this Court further specifically finds that, through policy, custom and practice, the Bullock County Board of Education, functioning at the present time through the named individual defendants, operates a dual school system based upon race or color; that is to say, that, through this policy, practice and custom, these officials operate one set of schools to be attended exclusively by Negro students and one set of schools to be attended exclusively by white students. The evidence further reflects that the teachers are assigned according to race; Negro teachers are assigned only to schools attended by Negro students and white teachers are assigned only to schools attended by white students.

This Court further finds that the students using the transportation facilities, that is, the school buses, are segregated according to race. Furthermore, transportation is furnished by the defendants for Negroes only to schools attended solely by Negro students and for white students only to schools attended solely by white students.

The several exhibits in this case reflect that these defendants have set up throughout the county what are referred to as "attendance areas" ; these areas are designated either for "Negro" or "white." For instance, the Union Springs "attendance area" for white students includes the Inverness Junior High School, the Bullock County High School located at Union Springs, and the Union Springs Elementary School. The "attendance areas" for Negroes are the New Bethel School, Enon School, Guerryton School, Great Hope School, Oak Grove No. 1 School, Oliver School, and Merritt High School—all located in the Midway area; and the Carver High School, South Highlands Elementary School, Pleasant Grove School, Mt. Canaan School, Chunnenuggee School, Lee Junior High School, Aberfoil School, Blue's Stand School, Perote School, Indian Creek School, Fitz-

patrick School, Thompson School, Cornerstone School, Oak Grove No. 4 School, Hector School, Pump School, and Post Oak School—all in the Union Springs area. From the manner in which the "attendance areas" have been and are designated, there are schools to be attended solely by white students that are in closer proximity to the homes of Negro students than are the schools designated for the Negro students. The reverse is true with reference to white students. The assignment of students to public schools that have been and are presently being made on the basis of race or color is being done through the use of these "attendance areas." Segregation of the races is also being accomplished in this public school system through the assignment of principals, teachers and other professional personnel. It is apparent in this case that a "feeder system" is used in the Bullock County school system; this is a system by which students are advanced from elementary schools through junior high schools and on to the high schools. This "feeder system" has been set up, is based, and is presently operating on distinctions of race or color. For instance, Negro children who are initially assigned to an elementary school attended solely by other Negro children are thereafter, in each and every instance as reflected by the evidence in this case, assigned to junior high schools and subsequently to senior high schools which are designated for and attended solely by Negro children. The reverse is true for white children. Furthermore, strong considerations of race have figured in the allocation and disbursement of school funds for maintenance, operation and construction in the Bullock County school system. All the records as kept and maintained by the school board and the Superintendent of Education reflect these distinctions based upon race.

This Court now specifically finds and concludes that, because of the designation of certain schools to be used solely by Negro students and the designation of other schools to be used solely by white students, because of the assignment of teachers and the manner in which the teachers are assigned, because of the transportation facilities that are made available to students and the manner in which said facilities are used, and upon an abundance of other evidence as submitted in this case, some of which has been hereinabove referred to, the operation of the Bullock County school system by these defendants is on a compulsory biracial basis. The operation of this school system on a compulsory biracial basis by these defendants is in their official capacity; thus, such an operation is action under color of the laws of the State of Alabama. The operation of the Bullock County school system in such a manner is, under the law, discriminatory as to these plaintiffs and other members of their race and class who are similarly situated.

This Court specifically finds that the operation of the Bullock County school system by and through these defendants, and the manner in which it has been and is presently being operated, is in violation of the law of the United States. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (June 1963); Goss v. Board of Education, 373 U.S. 683, 83 S.Ct. 1405, 10 L.Ed.2d 632 (June 1963); Watson v. Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (May 1963); Gibson v. Board of Public Instruction of Dade County, 246 F.2d 913 (5th Cir. 1957); Gibson v. Board of Public Instruction, Dade County, Fla., 272 F.2d 763 (5th Cir. 1959); Holland v. Board of Public Instruction, 258 F.2d 730 (5th Cir. 1958); Mannings v. Board of Public Instruction, 277 F.2d 370 (5th Cir. 1960); Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962); Bush v. Orleans Parish School Board, 308 F.2d 491 (5th Cir. 1962); Armstrong v. Board of Education of the City of Birmingham, Ala., 323 F.2d 333 (5th Cir., July 1963); Lee v. Macon County Board of Education, 221 F.Supp.

297 (M.D.Ala., August 1963); Lee v. Macon County Board of Education, 231 F.Supp. 743 (M.D.Ala., July 1964), and Armstrong v. Board of Education of the City of Birmingham, Ala., 333 F.2d 47 (5th Cir., June 1964).

This Court further finds that, since the Supreme Court spoke in Brown v. Board of Education, supra, in 1954, the Bullock County Board of Education has taken no steps to comply with that Court decision. The Alabama School Placement Law,[1] passed by the Alabama Legislature in 1956, has not been used and no arrangements or plans have been made for its use by these defendants to facilitate the orderly desegregation of their compulsory biracial school system.

■ Therefore, it is necessary, under the evidence in this case, that this Court find and conclude that the defendant Board of Education has not performed and is not performing its clear legal duty of taking affirmative steps to provide and operate a desegregated educational system in Bullock County, Alabama. The duty on the part of such a board in this respect, as set out in Armstrong v. Board of Education of the City of Birmingham, Ala. (July 1963), supra, is:

"The burden of initiating desegregation does not rest on Negro children or parents or on whites, but on the School Board."

In this case, these plaintiffs are seeking the relief that was sought ten years ago by the plaintiffs in Brown v. Board of Education, supra. The evidence in this case reflects that they are entitled to that relief. That relief, generally, is to desegregate, within a reasonable time and in as orderly a manner as possible, a school system being operated in Bullock County, Alabama, which is operated in violation of the laws of this country. The evidence in this case does not reflect any justification or basis for a continuation of this segregated school system that is continuously violating the constitutional rights of these plaintiffs and the members of their class. Accordingly, the Bullock County Board of Education, and the individual members thereof, and Joe Stowers as Superintendent of Education of Bullock County, Alabama, will be restrained, by this Court's issuance of a preliminary injunction, from the continuation of such a system.

This Court is of the further opinion, and now concludes, that the defendants in this case should, immediately upon receipt of this order, take the necessary steps leading to the desegregation of the public schools in Bullock County, Alabama, and to an abolition of the compulsory biracial school system in that county to such an extent as will meet the minimum requirements of the law. However, this Court is assured that the several school officials of Bullock County, Alabama, recognize that under the law they have the primary responsibility of taking the initiative in bringing to an end the operation of a school system that violates the constitutional rights of a large number of the citizens in Bullock County. This Court is further assured that a complete plan for the general desegregation of the Bullock County school system, including the abolition of the operation of the dual school system based upon color, will be prepared by these officials and submitted to this Court at a designated date. As stated above, it appears, however, that there should be an immediate start in the desegregation of the schools of Bullock County, Alabama, by putting into effect for the school year commencing in September 1964, the Alabama School Placement Law, without any racial discrimination. This Court expects and will require these defendants to apply that law in an honest and fair manner to such an extent that the application of the Alabama School Placement Law will result in the immediate admission of a number of qualified Negro students for

1. Title 52, Chapter 4A, Code of Alabama. Also see Shuttlesworth v. Birmingham Board of Education, 162 F.Supp. 372 (N.D.Ala.1958), aff'd 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145, and this Court's opinion in Lee v. Macon County Board of Education (July 1964), supra.

the school term commencing September 1964 in certain schools heretofore maintained and operated by these defendants exclusively for white students. Furthermore, the Bullock County Board of Education will be ordered and directed to file with this Court on or before January 15, 1965, its detailed plan for the operation of the Bullock County school system commencing with the 1965–66 school year; such plan is to include and provide for the desegregation of the entire school system in Bullock County, Alabama, within a time and in such a manner as to meet the constitutional requirements.

This Court specifically retains jurisdiction of this cause.