Anthony T. LEE et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

MACON COUNTY BOARD OF EDUCATION et al., Defendants,

Marengo County Board of Education, Defendant-Appellee.

No. 71–2902.

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1972.

Charles S. White-Spunner, U. S. Atty., Mobile, Ala., Theodore E. Ravas, Jr., Atty., David L. Norman, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Solomon S. Seay, Jr., Montgomery, Ala., Brian K. Landsberg, Dept. of Justice, Civil Rights Div., Washington, D. C., Jack Greenberg, Norman J. Chachkin, New York City, Thomas M. Keeling, Dept. of Justice, Civil Rights Div., Washington, D. C., for plaintiffs-appellants.

Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., Hugh A. Lloyd, Demopolis, Ala., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

This school desegregation case is before us a second time. In our prior opinion, 5 Cir., 1971, 443 F.2d 1367, we remanded the case for reconsideration in light of Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), and also to require the implementation of the uniform provisions of Singleton v. Jackson Municipal Separate School District, en banc, 5 Cir., 1970, 419 F.2d 1211, relative to desegregation of faculty, staff, etc. The District Judge ordered the School Board to submit a new plan to comply with our decision. The Board submitted two desegregation plans, one of which (Exhibit A) was accepted by the District Court and ordered to be implemented without according plaintiffs or the United States an opportunity to object or be heard. This appeal followed.

■ The Marengo County School System is now predominantly black. Black students number 2,868, or 79 per cent; there are 764 white students, or 21 per cent. Under the Board plan, of the eight schools in the system, six are 100 per cent black and two are predominantly white. Thus it is clear that the Marengo County School System has not been effectively desegregated. The Department of Health, Education and Welfare submitted a plan for desegregation which, by zoning, pairing and clustering, would result in substantial desegregation in all but one of the schools. The HEW plan had prior approval of the three-judge District Court (Judges Rives, Johnson and Grooms). In the three-judge opinion the Court observed, however, that it entered its order with the full realization that it would result in the student body of the system in all probability being composed only of Negro students. As the three-judge District Court said, "Thus, we find ourselves under a compulsion that requires the entry of an order in this school desegregation case that will probably result in an all-black student body, where nothing in the way of desegregation is accomplished and where neither the white students nor black students are benefited." When the case was severed in the break-up of the statewide Alabama case by sending the several school cases to their respective judicial districts, the District Judge, at the behest of the Board, approved an amended plan of the Board. On appeal from that judgment we remanded the case for reconsideration under *Swann*, supra.

■ We are faced with the same alternative, however, that originally confronted the three-judge District Court. The HEW plan would effectively desegregate the schools though it may cause complete resegregation by resulting in a 100 per cent black school system. Nevertheless, it must be implemented unless, as the United States points out in its brief, an equally effective plan can be produced by the Board or unless the

Board can demonstrate the unworkability of the HEW plan.

■ We are required to reverse the judgment of the District Court since the plan of the Board which was approved by the District Judge does not result in effective desegregation but, to the contrary, results in mostly one-race (black) schools and in two predominantly white schools. The District Court must either adopt the HEW plan or require that the Board demonstrate its unworkability, and any alternative plan submitted by the Board must be shown to be effective. Whatever is done on remand the parties must be given a full opportunity for a hearing to offer such objections and modifications as they may deem proper under the circumstances.

Let the mandate issue immediately.

Reversed and remanded.