588 F.2d 1134
 Anthony T. LEE et al., Plaintiffs,
United States of America, Plaintiff-Intervenor-Appellant,
National Education Association, Inc., Plaintiff-Intervenor,
v.
MARENGO COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.
 No. 78-2787.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 5, 1979.
 
 William A. Kimbrough, U. S. Atty., Mobile, Ala., Joshua P. Bogin, Acting Asst. Atty. Gen., Walter W. Barnett, Burtis M. Dougherty, Jr., Dept. of Justice, Washington, D. C., for the U. S.
 William J. Baxley, Atty. Gen., Montgomery, Ala., Lloyd & Dinning, H. A. Lloyd, W. H. Traeger, III, Demopolis, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before AINSWORTH, GODBOLD and HILL, Circuit Judges.
 AINSWORTH, Circuit Judge:
 
 
 1
 This is an appeal by the United States from that portion of the district court's order dated August 7, 1978 which pertains to student assignment in the public school system of Marengo County, Alabama. The district court's order is comprehensive in numerous phases of the desegregation process in the county's school system which relate not only to student assignment but also to faculty assignment, transportation, school construction and site selection and majority to minority transfer. The Government has moved for summary reversal of the district court's order as it pertains to student assignment, its principal objection being to that portion of the order which directs implementation of a freedom-of-choice student assignment plan.
 
 
 2
 The defendant, Marengo County Board of Education, has filed a motion for dismissal of the appeal of the United States on the ground that the district court's order is not an appealable order, is interlocutory and not a final decision, and this court is therefore without jurisdiction under 28 U.S.C. § 1291. We expedited the case and have duly heard oral argument.
 
 
 3
 As the Government points out in its brief, historically this case arises out of the original lawsuit, Lee v. Macon County Board of Education, 221 F.Supp. 297 (M.D.Ala.), filed in 1963, which involved the constitutionality of the segregated school systems throughout the State of Alabama. The matter was then before a three-judge court which authorized freedom of choice as a proper tool of desegregation. However, following the Supreme Court's decision in Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968),[1] which cast doubt upon the effectiveness of freedom-of-choice plans, further hearings were held and an order was issued June 12, 1970 which adopted the proposed plan by the Government for use in the 1970-71 school year. Shortly thereafter, on June 19, 1970, the case was transferred from the three-judge court to the district court for the Southern District of Alabama. When the district court then modified the order again permitting freedom of choice, we vacated the order and remanded the case on June 14, 1971 directing compliance with the principles established in Swann v. Charlotte-Mecklenburg Board of Education, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). See 443 F.2d 1367 (5 Cir. 1971). The case was again before us in 1972, when we reversed and remanded the matter for implementation of a workable plan. See 465 F.2d 369 (5 Cir. 1972). Thus the present order appealed from represents the third time this case is before us on the issue of student assignment.
 
 
 4
 Marengo County has a small rural school system, largely black, with approximately 80% Black students and 20% White students. Following oral argument, at our direction the Marengo County Board submitted attendance figures for the past three years in the school system. Those for the current school year are included, having been compiled one month (on September 22, 1978) after school convened for the present school year. They are reproduced in the margin.[2]
 
 
 5
 The statistics graphically indicate that the presently court-ordered freedom-of-choice assignment plan is not working to achieve desegregation, and that a majority of the schools in the system are entirely black while the others are predominantly white. This condition has been true throughout the three-year period shown in the statistical summary in footnote 2 Supra. Essentially the same condition has existed throughout the history of the school system since the first attempts at desegregation by court action. The district court in its recent order of August 7, 1978 observed:
 
 
 6
 The Findings of Fact and Conclusions of Law set out above have convinced the Court that judicial intervention in the affairs of the Marengo County Board of Education is required. The evidence presented to the Court is conclusive that the Board has done little in complying with the orders of this Court aimed at providing a unitized, desegregated school system. Indeed, the posture of the defendant Board can best be characterized as "obdurately obstinate," an attitude less than novel in this judicial district.
 
 
 7
 We agree with the district judge in this regard. Thus the segregated status of the school system is clearly the result of discrimination on the part of the Board, both past and present. We are aware of the difficulty involved in desegregating this school system, and certainly the district judge deserves high marks for his efforts in the matter. Nevertheless, we disagree with the conclusion he has reached.
 
 
 8
 In his order the district judge quotes from Green v. County School Board, 391 U.S. 430, 440-41, 88 S.Ct. 1689, 1696, 20 L.Ed.2d 716 (1968), a passage from Mr. Justice Brennan's opinion therein which is "instructive" in the present case. The quotation follows:
 
 
 9
 Where it offers real promise of aiding a desegregation program to effectuate conversion of a state-imposed dual system to a unitary, non-racial system there might be no objection to allowing such a device to prove itself in operation. On the other hand, if there are reasonably available other ways, such for illustration as zoning, promising speedier and more effective conversion to a unitary, nonracial school system, "freedom of choice" must be held unacceptable.
 
 
 10
 It is clear that freedom-of-choice student assignment has not worked in the Marengo County Public School System insofar as desegregation is concerned. The court's order appealed from in the instant case produced no effective result, as the student enrollment figures for the present school year furnished us by the Board amply demonstrate. Accordingly, the motion of the United States for summary reversal is granted.[3]
 
 
 11
 The motion of the defendant Board for dismissal of the appeal is denied. The district court's order is appealable under 28 U.S.C. § 1292(a) since the district court denied the injunctive relief sought by the Government as to student assignment.
 
 
 12
 Under the circumstances, we are obliged to remand this case to the district court for further consideration and an evidentiary hearing if that be necessary. The court shall forthwith enter an order directing that the Marengo County Board of Education file a student assignment plan within thirty days which is constitutionally acceptable. Should the Board fail to file such a plan within the time limit prescribed, the district court will have no alternative but to order implementation of the plan proposed by the United States to be implemented in the next school year.
 
 
 13
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 [1]
 See also Raney v. Board of Education of Gould School District, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727 (1968); Monroe v. Board of Commissioners, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968), and Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969)
 
 
 [2]
 
 NOTE--Some parts of this form are wider than one screen. To view
 material that exceeds the width of this screen, use the right arrow
 key. To return to the original screen, use the left arrow key.
 1976-1977 1977-1978 1978-1979 (as of 9-22-78)
 -------------- -------------- ---------------
 K-6 7-12 K-6 7-12 K-6 7-12
 ----- ----- ----- ----- ------ ------
SCHOOL Black White % Black Black White % Black Black White % Black Black White % Black Black White % Black Black White % Black
------------------ ----- ----- ------- ----- ----- ------- ----- ----- ------- ----- ----- ------- ----- ------ ------- ------ ------ -------
Sweet Water High 309 216 59 129 233 36 309 214 59 126 214 37 285 181 61 164 193 46
Marengo County Hi. 132 176 43 13 138 9 128 174 42 12 157 7 94 133 41 15 122 11
A. L. Johnson High 307 0 100 380 0 100 271 0 100 378 0 100 274 0 100 340 0 100
John Essex High 203 0 100 233 1 100 181 0 100 232 0 100 183 0 100 220 0 100
Marengo High 358 0 100 388 0 100 368 0 100 381 0 100 365 0 100 378 0 100
 
 
 [3]
 On other occasions this court has refused to approve freedom-of-choice plans. The Government has cited as examples, cases to this effect, as follows:
 United States v. DeSoto Parish School Board, 5 Cir., 1978, 574 F.2d 804; Harkless v. Sweeny Independent School District, 5 Cir., 1977, 554 F.2d 1353; Lemon v. Bossier Parish School Board, 5 Cir., 1971, 446 F.2d 911; Singleton v. Jackson Municipal Separate School District, 5 Cir., 1969, 419 F.2d 1211; Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801, Cert. denied, 396 U.S. 904, 90 S.Ct. 218, 24 L.Ed.2d 180 (1970).